(No. 26969.—Reversed and remanded.)

MARIANNA CURIELLI *et al.*, Appellants, *vs.* ANGELO CURI-
ELLI *et al.*, Appellees.

*Opinion filed March 16, 1943—Rehearing denied May 14, 1943.*

JAMES A. DAYTON, for appellants.

EUGENE F. JEWETT, for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

Appellants have brought an appeal to this court from a decree of the circuit court of Cook county. The complaint in chancery filed by the appellants sought to quiet the title and remove clouds from certain real estate in that county. The appellees filed an answer denying the material allegations of the complaint and also filed a counterclaim asking that a resulting trust be decreed to exist in favor of the appellee, Angelo Curielli, to an undivided one-half

interest in the fee to said real estate. The case was referred to a master in chancery who found in favor of the counterclaimants and his report was approved by the circuit court and a decree entered accordingly, finding that the appellants had failed to sustain the material allegations of their complaint, and that a resulting trust be decreed to exist in the appellee, Angelo Curielli, to the one-half interest in controversy.

On the hearing before the master, the evidence for the defendants and counterclaimants was presented and heard first, and the main controversy was whether or not a resulting trust arose in favor of the appellee, Angelo Curielli. Because the question arises as to whether or not the evidence is sufficient to support either the complaint or the counterclaim, it is necessary to state the facts somewhat in detail. Angelo and John Curielli were brothers. Angelo came to this country from Italy in 1892, and his brother John had preceded him. In 1907 the two brothers formed a partnership known as Curielli Brothers, dealing in liquor and soft drinks at two locations. John operated a saloon at the corner of Lake street and Western avenue, and Angelo operated a saloon in a portion of the premises involved in this lawsuit, located at the corner of Lake and Oakley streets. The property at Lake street and Western avenue was purchased by the two brothers in 1907, and the title to the property taken in both their names. They continued to rent the other property until 1914, when Angelo left for a trip to Italy, and, while there, was drafted as a soldier in the Italian army. He returned to Chicago in 1919. In September, 1915, John purchased the premises in question, located at the corner of Lake and Oakley streets for the sum of $20,000. He paid down the sum of $10,000, and he and his wife, Marianna Curielli, executed a note and a purchase-money mortgage for the balance of $10,000. The title to the property was taken in the name of John Curielli.

The premises were improved with a three-story brick building consisting of fourteen apartments and four stores. In January, 1921, John and his wife, Marianna, took a trip to Italy. While there John was taken sick and died in November of that year. The widow returned to this country in February, 1922. During all this time the partnership continued to operate the saloon and soft-drink business at the two locations. After the death of John the same partnership arrangement was continued on between Angelo and John's widow, except that some interest was accorded to Natale and Alfred Cantieri, until the year 1927, when the partnership was dissolved.

After the death of John Curielli in 1921, his estate was probated in Cook county, the widow having been appointed administratrix by the probate court. In the settlement of the estate she employed an attorney named O'Reilly, who prepared an inventory for the estate. Only an undivided one-half interest in the property at Lake and Oakley streets was inventoried as belonging to John's estate. The rentals from this property were equally divided between Angelo and the appellants from the date of John's death until January 10, 1940. On said date Angelo conveyed his one-half interest in the premises in controversy to the appellees, William Del-Margorie and Yolanda Del-Margorie. Prior to that date and during the year 1939, Angelo also executed two trust deeds upon his undivided one-half interest to secure certain loans. It is the said warranty deed and the two trust deeds which the appellants seek to set aside as clouds upon their title.

During the existence of the partnership all receipts were deposited in a joint bank account under the name of Curielli Brothers. The partnership purchased securities, stocks and bonds and placed them in a safety-deposit box in the name of the partnership. On November 24, 1921, Angelo took all of the papers out of the Curielli Brothers' safety-deposit

box and placed them in another box at a different bank. About four years thereafter he divided the contents of the box with Marianna Curielli, the administratrix of John's estate.

It is the contention of the appellants that John Curielli bought the premises in question on September 20, 1915, taking title to the same; that the purchase-money note and mortgage were executed by John Curielli and his wife, Marianna. John died on November 23, 1921, about fourteen months after the mortgage had been paid off and released. At the time of the purchase Angelo was absent in Italy and after his return never made any effort whatever to have conveyed to him an undivided one-half interest in the premises; that while the brothers were partners in the saloon business and shared profits and losses equally, yet there is no evidence that they were equal partners in everything they did of a business nature and that the said Angelo has failed to sustain his burden of proof required to establish a resulting trust in his favor.

The appellee, Angelo Curielli, bases his claim upon the fact that the premises were purchased with partnership money and that for convenience the title was taken in the name of John because Angelo was, at the time of the transaction, serving in the Italian army. He further claims that the mortgage was paid off with partnership money, that a resulting trust therefore existed in his favor and that he was entirely within his rights in attempting to convey a one-half interest in said property.

As above stated, proof on the part of the counterclaimants was first presented and appellants offered little additional testimony in support of their complaint to quiet title. The evidence produced by them was more in the nature of rebuttal. The counterclaimants had already offered in evidence the deed from Wildenburg to John Curielli of the premises which are the subject of this litigation. Also the

note for $10,000, secured by trust deed, executed by John Curielli and wife. We think the circuit court correctly found by its decree that the appellants had failed to sustain the material allegations of the complaint and dismissed the same for want of equity.

The proof on the part of the appellees, in support of a resulting trust arising in behalf of Angelo Curielli, was largely the oral testimony of the said appellee. As this was a suit instituted by the heirs-at-law of John Curielli, deceased, the appellee, Angelo Curielli, was clearly disqualified from testifying as to any facts which occurred before the death of his brother. Angelo had a certain direct, immediate interest in the result of this suit and his testimony was not against interest and did not come within any of the exceptions provided by statute. Ill. Rev. Stat. 1941, chap. 51, par. 2.

The other evidence in support of the resulting trust was the existence for a long period of time of the partnership between the two brothers; the fact that the widow, as administratrix of her husband's estate, inventoried only one half of the premises in controversy as belonging to her husband; the testimony of Frank W. Johnson, who had known the brothers for over thirty years, stating he had several conversations with John just prior to his purchase of the premises, that John told him it was a fifty-fifty proposition, and that just after the building was purchased John told him he had purchased the building after hearing from his brother, Angelo; the facts that the rentals from the building after John's death had been collected by a real estate agent and that the checks were made out to Curielli and Curielli and were delivered sometimes to Marianna Curielli, sometimes to Angelo Curielli, and often to Peter Curielli, a son of Marianna; and the testimony of Natale J. Cantieri, a nephew of John and Angelo, who was employed by them in their saloons, who stated that

sometime between the spring of 1914 and the fall of 1917 John Curielli told him that he had purchased the corner of Lake and Oakley with his brother, meaning Angelo Curielli.

In rebuttal Marianna Curielli testified that she could not read English and when the estate inventory was prepared, Angelo was present and told her that he was the owner of record of an undivided one-half interest and she at that time believed him, but after many years discovered that Angelo was not named in the deed and had no interest in the premises.

The testimony of the two witnesses, Johnson and Cantieri, reciting merely casual conversations occurring some 25 years previous to the trial was not very definite or convincing. Even though the oral testimony of Angelo Curielli might be considered competent and admissible, we doubt if the evidence would measure up to the rule prescribed by this court as necessary to establish a resulting trust. While he asserted with emphasis that the disputed premises were purchased with partnership funds; that he personally took the check up and delivered it to the mortgagee in making the last payment on the mortgage, there is not a single item of corroborative proof in the record that any part of the consideration was paid with partnership funds. His testimony was contradicted in many particulars and his handling of the contents of the safety-deposit box after his brother's death without permitting some person representing the widow to be present, tends in some measure to weaken his credibility. The evidence further discloses that about four years after the death of his brother, Angelo had an accounting with the widow, wherein he made a division of the partnership property, but no mention was made of his alleged interest in the real estate or whether or not that was taken into consideration in making the account. The lack of corroborative proof and no

showing as to inability to produce the same greatly weakens the case of the counterclaimants.

One of the leading cases in Illinois, cited by appellees as supporting their theory of a resulting trust, was *Van Buskirk* v. *Van Buskirk*, 148 Ill. 9, but it is quite different as to the facts. That case involved two brothers who were engaged in farming. One brother purchased a tract of land and took title in his name. Upon the death of the brother in whose name the title stood, the other brother brought suit to establish his rights in the property. This case establishes the rule that the burden of proof is upon the party asking to establish the trust and he must prove that the alleged *cestui que trust* paid the purchase price, and that the evidence to be presented must be clear, strong, unequivocal, and unmistakable, and must establish the fact of payment by the claimed beneficiary beyond a doubt. This case further announces the rule that admissions made by the grantee in the deed are competent evidence upon this subject but are to be received with great caution and frequently are entitled to little weight. The case further states that declarations of the grantee to the effect that he holds title for another are of less weight than declarations to the effect that another person's money was used to pay for the land, especially when they are corroborated by circumstances and attended by proof of some previous arrangement under which the money was advanced. In that case the two brothers had farmed together for many years and were engaged in a joint business. The deceased brother had made admissions to nearly a dozen witnesses, both in the presence and absence of the other brother, as to the fact that property was purchased with money earned in their common business and by their joint labors.

In the present case there is ample evidence that John Curielli both bought and sold other real estate in his own name during or about the time he purchased the premises in question.

In the case of *Baughman* v. *Baughman,* 283 Ill. 55, an application to have a resulting trust in land established was denied because the evidence was not definite and satisfactory. In that case a daughter sought partition of lands formerly owned by her father, she being the only child by a second marriage. The defendants were the children of a first marriage. They alleged that the money which paid for the land came from their mother and therefore the property descended to them upon their mother's death. It was conceded that the money of the first wife went into the land, but it was not clear that the money went into the purchase of the land or a particular portion thereof. This court said that the memorandum as to the receipts of money from the first wife might be as consistent with the theory that the husband had used a part of the money to pay off indebtedness on the land as it would be with the theory that it went to the purchase of the land. The court in refusing to declare a resulting trust stated that the evidence was not satisfactory to show that the money of the first wife went into the purchase of the property. In that case there were also several witnesses who testified to admissions made by the husband that his wife's money went into the purchase of the farm. This court held that such declarations or admissions must be direct and certain, and, to be controlling, should be corroborated by other facts and circumstances.

We believe that the testimony in this case was not of such a character as would sustain a resulting trust in favor of Angelo Curielli, but there is a possibility that further and more direct and competent proof might be secured to prove the material allegations of either the complaint or the counterclaim, and the decree of the circuit court is therefore reversed and the cause remanded for further proceedings in accordance with the views expressed by this court.

*Reversed and remanded.*