(No. 28193.—<span></span>)

MARIANNA CURIELLI *et al.*, Appellees, *vs.* ANGELO CURI-
ELLI *et al.*, Appellants.

*Opinion filed November 22, 1944.*

EUGENE F. JEWETT, (GEORGE E. BILLETT, of counsel,)
both of Chicago, for appellants.

JAMES A. DAYTON, of Chicago, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

This case was before us at the March term, 1943, and
it was reported in 383 Ill. 102. At that time the decree
was reversed and the cause remanded for further pro-
ceedings in accordance with the views expressed by this
court. The facts are fully stated in that opinion and will
not be restated further than to connect the additional facts
elicited on remandment with the facts established on the
former appeal.

Briefly, Marianna Curielli, widow of John Curielli,
together with his children filed a complaint in the nature
of a bill to quiet title against Angelo Curielli and others.
Angelo Curielli answered and also filed a counterclaim to

establish a resulting trust in one half of the premises taken in the name of John Curielli because the property had been paid for with funds coming from a partnership owned by the two brothers. The real estate was purchased in 1915, and John Curielli died in 1921. In 1940 Angelo Curielli undertook to convey an undivided one-half interest in the premises to other parties, who are also appellants herein. In the decree from which the former appeal was taken the complaint of the plaintiff was dismissed and the relief awarded upon the cross complaint of Angelo Curielli. As pointed out above, the decree was reversed and the cause remanded for the purpose of proceeding in accordance with the views expressed at that time.

We reversed the decree in favor of Angelo Curielli because the evidence did not show by clear, strong, unequivocal and unmistakable facts that the purchase price had been paid out of the partnership property necessary to raise a resulting trust in Angelo's favor, but said, in remanding the cause, there was a possibility that further and more direct and competent proof might be secured to prove the material allegations of either the complaint or the counterclaim. Under the remanding order in this case the plaintiff was privileged to offer additional proof, but did not do so. The counterclaimant was also privileged to offer additional proof to establish the material allegations of his counterclaim. The respect in which we found his counterclaim insufficient was in establishing that partnership money, in which he had a one-half interest, was used to pay the purchase price of the property involved, so as to raise a resulting trust in his favor.

We called attention to *Van Buskirk v. Van Buskirk,* 148 Ill. 9, and *Baughman v. Baughman,* 283 Ill. 55. In the case first mentioned we held that in order to raise a resulting trust the burden of proof is upon the party seeking it to establish that the alleged *cestui que trust* paid the purchase price, and that the evidence presented must be

clear, strong, unequivocal and unmistakable, and establish beyond a doubt the fact of payment claimed by the beneficiary. In the *Baughman case* it was shown that a farm was purchased and title taken in the name of the husband, and a resulting trust was claimed in favor of the wife because it was asserted her money paid for the property. It was held in that case it was not sufficient to show the husband used the wife's money to pay off the indebtedness, but that it was essential that the wife's money went into the purchase price. Since a resulting trust arises the moment the purchase money is paid by one and conveyance made of the property thereby purchased to another, (*Van Buskirk* v. *Van Buskirk*, 148 Ill. 9; *Baughman* v. *Baughman*, 283 Ill. 55; *Curielli* v. *Curielli*, 383 Ill. 102,) the question to be considered on this appeal is whether Angelo Curielli did furnish additional testimony upon the hearing of the cause sufficient to comply with the requirements to raise a resulting trust.

It will be recalled that Angelo and John Curielli were partners in the saloon and restaurant business. Angelo was in Italy from 1914 until July, 1919. The additional testimony shows that in September, 1918, $300 was paid to the holder of the mortgage on the property involved, by check drawn on the partnership account. In like manner $300 was paid on September 20, 1919, March 22, 1920, and September 20, 1920, by checks drawn on the partnership account, and on September 20, 1920, a check for $10,000 was given to the holder of the mortgage, drawn against the partnership account and signed by Curielli Bros., and initialed "J. C." The four last-mentioned checks were drawn on the partnership account after Angelo Curielli had returned from Italy.

The evidence considered on the prior appeal showed that both John and Angelo Curielli bought and sold real estate on their own account that was not partnership property. There was no evidence showing who made the

initial payment on the purchase price. By the production of the additional evidence above narrated, and a consideration of the evidence formerly taken in the case, the master found that the $10,000 down payment of the purchase price for the property in question was paid by John Curielli to the seller from money belonging to the partnership of Curielli Bros. Upon exceptions, the court overruled the master's report.

This raises the material issue in this case, whether the payments above described, taken into consideration with the other testimony, establish that the purchase price of the property in question was paid from partnership funds. We are unable to perceive how the payment of interest and the discharge of the mortgage indebtedness by a check drawn against a partnership establishes that the initial payment of purchase money was made from the same source. All of the payments shown on the additional hearing, except the payment of $300 in September, 1918, were paid while Angelo was in this country, and presumably he was cognizant of the person for whose benefit the payments were made and how they should be accounted for. The additional facts adduced are quite like those in *Baughman* v. *Baughman*, 283 Ill. 55, where we held in effect that even though a wife's money was used to discharge a debt it was not sufficient to raise a resulting trust, unless it was actually invested in the purchase price of the property; and that where the circumstances could be as consistently construed as establishing a payment of a debt as it could the payment of the purchase money, it would be insufficient to establish by clear, strong and unequivocal proof that it had been used as purchase money. Such doubt exists in this case. Both brothers drew checks against the partnership fund; both made separate investments as well as partnership investments. The additional proof was made years after the purchase, showing payments after purchase, but while the debt was still owing,

and comes squarely within our pronouncement in the *Baughman case.*

We think the chancellor was correct in holding that the evidence taken, together with the additional proof, was insufficient to show, by the requisite character of proof, that the purchase money for the property involved had been paid with partnership money in which Angelo Curielli had a one-half interest, and which would thereby entitle him to a resulting trust in one half of the property involved.

The decree of the circuit court of Cook county is, accordingly, affirmed.

*Decree affirmed.*