(No. 31140.

MURIEL K. FULLER, Appellee, vs. DONALD COOK et al.—
(DONALD COOK, Appellant.)

*Opinion filed January 18, 1950.*

J. E. BAIRSTOW, of Waukegan, for appellant.

PHILIP A. POPULORUM, of Waukegan, for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is a suit in equity brought by appellee in the circuit court of Lake County. It was sought by the complaint to establish a resulting trust in 100 acres of land in Lake County, described in the record as "Medical Hill." The prayer of the complaint was that the appellant, Donald Cook, the holder of the legal title, be decreed to hold the real estate in fee simple in trust for the appellee, and that he convey the lands above described to her by a good and sufficient deed of conveyance. The master found the issues of fact in favor of the plaintiff-appellee and recommended

a decree declaring a resulting trust and that the appellant held the title as trustee. The decree appealed from over-ruled defendant's exceptions to the master's report and decreed in accordance with the recommendations of the master, including an order upon the appellant to execute and deliver to the appellee a good and sufficient warranty deed conveying the real estate in controversy to appellee, Muriel K. Fuller. It was further ordered that in the event of the failure of the appellant to comply with the terms of the decree within thirty days the master in chancery should execute the deed. One Bee Dozier was a defendant in the original suit, but does not join as an appellant in this appeal.

The appellee, Dr. Muriel K. Fuller, testified before the master that in the year 1929 she was married and her husband was a practicing physician in the city of Chicago; that while she was a medical student, she met the appellant, Dr. Donald Cook, who was also a student in the same medical school and in poor financial circumstances; that she and her husband furnished appellant financial aid and assistance until he graduated in 1938; that she graduated the same year and furnished money to furnish and equip appellant's office, which she shared, in Chicago; that she also paid the rent and operating expenses of running the office while appellant was starting the practice of medicine; that none of the moneys so advanced have ever been re-paid; that during the years appellant was in medical school and occupying an office in Chicago, she furnished him with funds, amounting to in the neighborhood of $7000; that her husband died in 1938, leaving her a very substantial estate, including cash, bonds and stocks; that during the year 1939 appellant became dissatisfied with practice in Chicago, and expressed a desire to establish a medical center in the country; that later he asked appellee to furnish $10,000 for the purpose of buying farm premises in Lake County, which premises were afterwards known as "Medical

34

Hill." Appellee complied and in the years following cashed stocks and bonds left to her by her husband and invested the proceeds in making permanent improvements upon the real estate so purchased, amounting to considerably over $20,000; that at the time the premises were purchased the title was taken in the name of the defendant for the purpose, as requested by him, of advancing his professional prestige or "build up;" that when she requested the appellant to execute and deliver a quitclaim deed to her, he positively refused.

It is her contention that, by reason of the foregoing facts, a resulting trust arose under the law and that the person to whom the land was conveyed took the title in trust for the person who furnished the money.

In his testimony, the appellant denies all the material facts concerning the expenditure of large sums of money in his behalf. It is his theory that he and the appellee met as students in medical school and that they formed an agreement for mutual association in the study of research and the practice of medicine; that they became fast friends and were constantly associated together in following their profession; that he had patients and income of his own and that he contributed to the furnishing of the office equipment, rental and expenses, as well as the building expense on the farm; that the question of money never entered into their association together, and the subject of finances was never discussed; that he and the appellee trusted each other completely.

In his answer to the complaint, appellant alleges that he and the appellee entered into a mutual association for the practice of medicine; that they agreed to pool their efforts in order to establish security for both until separated by death, and that eventually, upon the death of one, their accumulation was to descend to and be the sole property of the survivor. This theory we believe the appellant has wholly failed to support by clear and satisfactory proof.

There was a large amount of testimony taken before the master covering a period of over ten years and neither party has fully supplied documentary or oral proof as to the numerous transactions between the parties. The master appears to have carefully analyzed the testimony and concluded that the facts shown by credible evidence sustained the appellee's claims.

We have read the evidence and examined the exhibits and cannot say that his finding is contrary to the clear weight of the testimony. The rule is that a master's conclusions of fact will not be given the weight of the verdict of a jury, yet they are entitled to credit and when approved by the chancellor they will not be disturbed on review unless manifestly against the weight of the evidence. *McKey* v. *McKean*, 384 Ill. 112; *Kane* v. *Johnson*, 397 Ill. 112.

It would unduly extend this opinion to repeat the testimony in detail, but one cannot read the record without feeling satisfied with the convincing character of the testimony of appellee even though it is not fully supported by record proof. On the other hand, the evidence of the appellant was marked by evasion and uncertainty. Surely his attitude toward opposing counsel and his conduct before the master did not tend to strengthen his case, nor impress one as to the accuracy and truthfulness of his testimony.

In his brief the appellant insists that the evidence to establish the fact of payment of the purchase price by appellee for the real estate is not that clear, strong, unequivocal, unmistakable testimony required by law to establish a resulting trust, citing *Curielli* v. *Curielli*, 388 Ill. 215; *Tuntland* v. *Haugen*, 399 Ill. 595. The facts in those cases, as well as others cited, are readily distinguishable from the testimony in the present case.

The decree of the circuit court found that no part of the purchase price of the real estate involved was ever paid by the defendant Donald Cook, either at the time said premises were conveyed to said appellant or at any time;

that it was at all times the intent of the appellee, Muriel K. Fuller, to retain as her sole and exclusive property the beneficial ownership in and to the premises, (which are by legal description fully described in said decree) and by reason thereof a resulting trust arose at the time of such conveyance for the benefit of appellee.

In our judgment the decree is amply sustained by the evidence and by the well-settled law of this State. *Kane* v. *Johnson,* 397 Ill. 112; *Belleson* v. *Ganas,* 394 Ill. 557.

The decree of the circuit court of Lake County is affirmed.

*Decree affirmed.*