## DANIEL ROBERTS

### *v.*

## MARGARET OPP.

1. RESULTING TRUST — *when it arises.* A testator died, having devised his real estate to his widow during her life, and remainder in fee to his two children. This property was sold by the parties in interest, and the proceeds invested in another homestead, the title to which, by consent of the children, was taken in the name of the mother, but neither of the children relinquishing his interest in such proceeds. Subsequently, this new homestead was sold, and the proceeds thereof, together with other funds furnished by one of the children, invested in different pieces of real estate, the title to which, by consent of the children, was also taken in the name of the mother. The latter conveyed a part of this property to one of the children, in consideration of his agreement to support her, and sold the residue to a third person, taking his notes for the purchase money, which came to the hands of her son to whom she had conveyed the other portion: *Held,* the investment of the proceeds of the first sale being by consent of the children, and on the fair understanding that their interests should remain as before, in the proportion that each contributed to the several purchases, there was a resulting trust in their favor in respect to the property last purchased.

2. SAME — *subsequent purchasers.* The conveyance by the mother to one of the children, who knew all the facts, could not prejudice the rights of the other devisee, and, as between the two children, each was entitled to such share in the land so conveyed as represented his share in the purchase price thereof, and a like interest in the notes received on the sale of the other portion, the purchaser of which, having no notice, took free of the trust.

APPEAL from the Circuit Court of Peoria county; the Hon. SABIN D. PUTERBAUGH, Judge, presiding.

This was a suit in chancery, instituted by Margaret Opp against Daniel Roberts, to compel the conveyance to her of one-half interest in certain lands, and a transfer of a like interest in certain promissory notes held by the defendant.

The facts upon which the claim for the relief sought is based, are fully set forth in the opinion of the court.

Upon a hearing, the court below decreed that the complainant was entitled to one-half the land and of the notes, and thereupon the defendant took this appeal.

Messrs. JOHNSON & HOPKINS, and Mr. S. C. CONWELL, for the appellant.

Messrs. COOPER & MOSS, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

In 1813, John Roberts, the father of these parties, being seized of a house and lot situate in Berks county, Penn., died, leaving Margaret Roberts, his widow, and Daniel and Margaret, these parties, his only children, him surviving. By his will he devised this property to his widow during life, remainder in fee to his two children in equal shares. In January, 1837, the widow and these two children joining in the deed, the property was sold for $700. Margaret, the daughter, was then unmarried, but did not relinquish her interest in the proceeds. The family all moved to Ohio, where a purchase was made of another homestead, being a house and six acres of land, for the price of $1,100, upon which the amount realized from the sale of the other property was paid, and to pay the balance and for other purposes, the sum of $450 was borrowed, and secured by mortgage on the place. With the consent of appellant and appellee, the title was taken in the mother's name. In 1840, appellee was married to Opp, and left home a short distance. In 1842, the Ohio property was sold for the same price given for it, the purchaser assuming the mortgage of $450, and paying the balance. Soon after, the lands in question in this suit were purchased for the sum of $650, and all parties moved into this State, Daniel and his mother living together upon one parcel of it, and Margaret and her husband living elsewhere. It appears that at the time of the sale of the Ohio property, there was much depreciated

paper money in use, and the principal part of the amount received from the sale, was in such money; so that the widow had only about half of the amount of the consideration of the last purchase, which she paid from the proceeds of the Ohio property. The balance was paid by appellant. But with the consent of the parties, the title was taken in the mother's name. In April, 1864, when the mother had attained the age of about 83 years, and having the infirmities usually attendant upon so great age, and being, and having for a long time been, very much subject to the influence of appellant, the latter obtained from her a deed of the west ½ of the north-west ¼ of section 21, the deed expressing the consideration of $2,000, no part of which was paid, but really upon the consideration of an agreement entered into to support and maintain her. In October, 1866, the mother, with the advice and co-operation of appellant, sold and conveyed the south-east ¼ of the north-west ¼ of section 3 to one Henry Zappa, for $900, taking his notes for the amount, secured by mortgage on the land, which notes appellant held in his possession at the time of filing this bill.

It is unnecessary, in the view we take of the case, to decide the question of undue influence and fraud, because it is clear that appellant was cognizant of all the facts, and knew that appellee's portion of the property left by her father went, without any relinquishment of her right to it, and by the consent of all parties, into the Ohio purchase, and in the same way into the Illinois purchase, and that the fair understanding was, that the interest of the respective parties should be substantially as it was in the property left by their father. This being so, there was a resulting trust in favor of appellant and appellee, and the deed from the mother to appellant, with knowledge of the trust, would not affect appellee's interest. As there is no evidence of notice of the trust to Zappa, he would take the land divested of the trust, but which will attach to the notes given for the purchase money. As appellant paid one-half the purchase money of the Illinois lands, he was for

that reason entitled, in equity, to one-half, and as his funds, together with appellee's, paid for the other half, he is equally interested with her in that half. Appellant is, therefore, entitled to three-fourths of the land deeded by his mother to him, and the same proportion of the Zappa notes, and appellee to one-fourth of the said land and of the notes.

As the decree of the court below is not in conformity with these conclusions, it must be reversed, and the cause remanded, with directions to the court below to declare the interests of the parties, and make division of the property in dispute according to this opinion.

*Decree reversed.*