(No. 21039.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* HARRIET J. VAREL, Appellant.

*Opinion filed December 23, 1932.*

DUNN and DEYOUNG, JJ., dissenting.

THOMPSON, TYRRELL, & CHAMBERS, (LAVERN W. THOMPSON, of counsel,) for appellant.

OSCAR E. CARLSTROM, Attorney General, and HARRY A. ASH, (JOSEPH ROLNICK, and CHRISTOPHER G. KINNEY, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This appeal is from a judgment of the county court of Cook county assessing a tax of $3040.03 on the estate of Sarah A. Johnson, deceased, under the provisions of the Inheritance Tax law.

Appellant, Harriet J. Varel, is the daughter and only heir of Sarah A. Johnson, who died intestate on May 27, 1929. The estate of the deceased consisted entirely of personal property, which was appraised at $140,111.56. Deductions for debts, Federal estate tax and costs of administration to the total amount of $19,110.89 were allowed and the net value of the estate was fixed at $121,000.67. After allowing the statutory exemption of $20,000, a tax of $3040.03 was assessed on the net taxable value of

$101,000.67. At the time of the death of Mrs. Johnson she and appellant owned as joint tenants 2288 shares of stock in the Borg Warner Corporation, and this stock had a market value of $115 a share, making the market value of the 2288 shares $263,120. In the appraisement of the estate of Mrs. Johnson her interest in this stock was fixed at one-half its market value, $131,560. Prior to January 18, 1929, appellant owned 1333 shares of the stock and Mrs. Johnson owned 667 shares of the stock. On that day they assigned the certificates of stock held by them individually to themselves as joint tenants, with the right of survivorship and not as tenants in common, and a new certificate was issued to them as joint tenants for 2000 shares of stock in the corporation. Subsequently 84 shares of stock in the corporation were acquired by them as joint tenants as a stock dividend on the 2000 shares. Later they purchased 204 shares of stock in the corporation at $100 a share and borrowed $20,400, with which payment for this stock was made on their joint note. This note was unpaid at the time of Mrs. Johnson's death, and in the appraisement of the estate a deduction of $10,200, one-half the amount due on the note, was allowed. The record shows that the foregoing facts stated in this paragraph were stipulated by the parties in this case to be true, in order to avoid the necessity of proving the same by the introduction of evidence.

At the hearing in the county court appellant was called as a witness and asked questions concerning the intention of herself and Mrs. Johnson in transferring the stock held by them individually to themselves as joint tenants, but objections to the questions were sustained. Appellant then offered to prove by her testimony that prior to January 18, 1929, the 1333 shares of stock held by her had been bought and paid for by her and that Mrs. Johnson had contributed nothing to the purchase price of said shares of stock; that appellant had no interest in the 667 shares of stock held

by Mrs. Johnson; that at the time the stock was transferred to themselves as joint tenants the parties had no intention of making a gift to one another; that appellant was a widow having no children, and her mother, Mrs. Johnson, would be her sole heir at her death should she die before her mother; that appellant would be the sole heir of her mother should the mother die first, and that the intention in making the transfer was to provide a means whereby, at the death of either party, the stock would be automatically transferred to the survivor of them without probate proceedings. An objection to this offer of proof was sustained. Appellant contends the court erred in that ruling.

It is also the contention of appellant that the court erred in appraising the interest of Mrs. Johnson in the stock at the time of her death at one-half of the market value of the entire stock held in joint tenancy, for the purpose of fixing the amount of the inheritance tax to be paid by appellant, and that for such purpose the stock of Mrs. Johnson should have been appraised at the market value of the portion of stock contributed by her to the joint estate.

The correct decision of this case depends upon a proper construction of paragraph 5 of section 1 of the Inheritance Tax act, which, so far as it is applicable to two joint tenants of personal property, provides as follows: "Whenever property * * * personal, is held in the joint names of two * * * persons, * * * upon the death of one of such persons the right of the surviving joint tenant or * * * person * * * to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer taxable under the provisions of this act in the same manner as though the whole property to which such transfer relates was owned by said parties as tenants in common and had been bequeathed to the surviving joint tenant or * * * person * * * by such deceased joint ten-

ant * * * by will." Cahill's Stat. 1927, Revenue act, par. 396, p. 2149; Smith's Stat. 1927, Revenue act, par. 375, p. 2324.

Where title to property is held in the name of two or more persons as tenants in common and the fractional part held by each is not specified or set forth in the instrument by which title is transferred to them, the presumption is that they have equal interests. (*Keuper* v. *Mette,* 239 Ill. 586.) This presumption is not conclusive and parol evidence is admissible to overcome it. (*Hill* v. *Reiner,* 167 Mich. 400, 132 N. W. 1031.) Where title to property is taken in the name of two persons as co-tenants and their contributions to the purchase price of the property are unequal and their relationship is not such that a gift from one to the other is presumed to be intended, they will in equity be held to own the property in the proportions of their contributions to the purchase price. (*Bittle* v. *Clement,* 54 Atl. (N. J.) 138; *Perrin* v. *Harrington,* 146 App. Div. 292, 130 N. Y. Supp. 944; *Oxford* v. *Barrow,* 43 La. Ann. 863, 9 So. 479; *Cage* v. *Tucker's Heirs,* 14 Tex. Civ. App. 316, 37 S. W. 180.) The ownership of the property and the relationship of Mrs. Varel and her mother is not such that a gift from one to the other may be presumed to have been intended in this case. The title to the property was taken in their names as joint tenants and their contributions were unequal, Mrs. Varel having contributed almost double the amount contributed by her mother. An inheritance tax is a tax upon the right to succeed to property. It should be assessed only on the beneficial interest passing to the heir, devisee or legatee from the decedent, and equitable principles may be invoked in determining the question of the assessment of the tax. (*People* v. *Sholem,* 244 Ill. 502; *People* v. *Schaefer,* 266 id. 334.) The Inheritance Tax statute should be construed strictly against the State and in favor of the tax-payer. *In re Estate of Ullmann,* 263 Ill. 528.

Under the law as set forth in the cases above cited and the provisions of paragraph 5 of section 1 of the Inheritance Tax act it was necessary to determine the amount of stock contributed by Mrs. Johnson to the stock held by her and appellant as joint tenants in order to correctly determine the amount of tax to be paid by appellant. For that purpose, and for that purpose only, evidence was admissible. Appellee, the People, by entering into the stipulation of facts above set forth, apparently recognized that it was necessary to introduce evidence to show the respective amounts of stock contributed by appellant and Mrs. Johnson, and their relation to each other, to overcome the presumption that their interests in the stock held by them as joint tenants had been contributed equally by them. The further evidence offered by appellant to which the court sustained objections was also admissible for the same purposes, and the court erred in sustaining objections to the same.

Counsel for appellee contend and argue that just previous to the death of Mrs. Johnson, Mrs. Varel and Mrs. Johnson held and owned the personal property as joint tenants; that as to the property they had a unity of interest, unity of title, unity of time and unity of possession—or, in other words, they had one and the same interest, which accrued by one and the same title, which commenced at one and the same time and which they held by one and the same undivided possession. (2 Blackstone's Com. 179-181, incl.; Challis on Real Prop. 367; Thompson on Real Prop. 927, sec. 1711; Minor & Wurtz on Real Prop. 577, sec. 725.) They further argue that as such joint tenants each one of the parties during the existence of such joint tenancy had the legal right to convey, mortgage or subject to a mechanic's lien an equal, aliquot share of the joint property, and that each one of them was entitled to an equal share of the profits of said property. (*Lawler* v. *Byrne,* 252 Ill. 194; *Szymczak* v. *Szymczak,* 306 id. 541; *Hardin* v. *Wolf,* 318 id. 48; *Barr* v. *Barr,* 273 id. 621.)

They also state that joint tenants cannot, during the existence of the joint tenancy, bequeath or devise their interest in the property held and owned in joint tenancy, but that after the death of one of the joint tenants the surviving joint tenant can by will devise or bequeath the interest that comes to him as the survivor of the parties so holding in joint tenancy. (2 Thompson on Real Prop. 928; *Eckardt* v. *Osborne,* 338 Ill. 611.) We agree absolutely with all the foregoing contentions made by counsel for appellee. They are supported by the above authorities they cite, and there are many other authorities to the same effect that might be cited. We will add to the foregoing statements and propositions of law the following: On the death of Mrs. Johnson, appellant, as the survivor, became the absolute owner of the entire property held and owned by them under such joint tenancy, and had the mother survived appellant she would also, under the law of joint tenancy, have become absolute owner of such property.

The expressed fear and alarm of counsel that any decision we might make in this case regarding the liability of appellant to pay an inheritance tax would impair or destroy the law of joint tenancy in this State, as above contended and declared, is absolutely without any foundation whatever. The ultimate question to be decided in this case is, as aptly stated by appellee's counsel, whether appellant should pay an inheritance tax on one-half or on 33.25 per cent of the stock purporting to be owned jointly by herself and Mrs. Johnson. That decision must necessarily be based upon the aforesaid provisions of the Inheritance Tax act, and that act does not purport to settle or unsettle any provision regarding the law of joint tenancy in personal property as it is above stated. Therefore our decision in this case will not have any effect to change the law as to joint tenants or as to joint tenancy in real or personal property.

Counsel for appellee further contend that under the provisions of the Inheritance Tax act the interest of the

deceased joint tenant to which the survivor succeeds and to which the tax attaches is determined solely from the contract of joint tenancy, and that the statute does not make the contributions of the parties to the joint tenancy estate the basis of the tax. To these propositions we cannot give our assent. While it is true that unity of interest, which requires that the shares of the joint tenants in the property held in joint tenancy be equal, is one of the essential characteristics of a joint tenancy, it does not follow that for the purpose of assessing the inheritance tax in this case the interest of the deceased to be taxed must be considered as one-half of the stock held by the two joint tenants. By the express words of the statute the transfer is taxable in the same manner as though the property "was owned by said parties as tenants in common and had been bequeathed to the surviving joint tenant or * * * person * * * by such deceased joint tenant * * * by will." The "whole property" in this case clearly is all of the shares of the corporate stock owned by appellant and her mother, and the natural meaning of the statute would appear to be that the transfer taxable is the transfer of the interest of the deceased in that stock, and that the transfer of such interest is taxable in the same manner and to the same extent as if such interest had been in tenancy in common and had been bequeathed to appellant by the will of the deceased. It is also clear, under the law as settled by the authorities above cited, that if Mrs. Johnson and appellant, instead of having the stock placed in their names as joint tenants, had had the stock placed in their names as tenants in common, in equity they would each have been considered the owner of the stock contributed by them, respectively, to the property so held by them as tenants in common.

If the legislature intended that a surviving joint tenant or joint tenants holding and owning personal property in joint tenancy should be assessed an inheritance tax based on the full value of the property passing to them as sur-

vivor or survivors on the death of one of such joint tenants it should have used apt and unmistakable language to express that intent. The most natural way to have expressed such intent would have been simply to say that the tax in such case should be based on the full value of the interest in the property passing to one or more surviving joint tenants by the death of one of them. It might also have expressed such intent, as suggested by appellant, by using language similar to that used in subdivision 5 of section 220, chapter 143, of the tax laws of the State of New York, amended in 1925, wherein it is provided that in cases of joint tenancy the right of the surviving joint tenant or joint tenants to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer, taxable in the same manner as though a fractional part of the property, to be determined by dividing the value of the entire property by the number of joint tenants, belonged absolutely to the deceased joint tenant and had been bequeathed to the surviving tenant or tenants.

Under the undisputed facts in this case Mrs. Johnson's contribution to the stock held by the parties as joint tenants at the time of her death was 667 shares and 28.014 shares, being 667/2000 of the 84 shares received as a stock dividend, and 102 shares, one-half of the 204 shares purchased by the parties, a total of 797.014 shares. In the appraisement of the estate for the purpose of assessing the inheritance tax the interest of the deceased in the stock should have been appraised at the market value of the above number of shares at the time of her death.

The judgment of the county court is reversed and the cause remanded. *Reversed and remanded.*

DUNN and DEYOUNG, JJ., dissenting.