(No. 29882.—

THOMAS KANE, Appellee, *vs.* ROBERT JOHNSON, Appellant.

*Opinion filed May 22, 1947.*

Oliver A. Clark, of Chicago, for appellant.

Richard A. Harewood, of Chicago, for appellee.

Mr. Justice Murphy delivered the opinion of the court:

This is an appeal from a decree entered in the superior court of Cook county. The title to a lot known as 6312 South St. Lawrence Avenue, Chicago, is involved. On June 14, 1943, the property was conveyed by the then owners to Lucille Porter and Robert Johnson, as joint tenants and not as tenants in common. On December 15, 1943, Thomas Kane, the plaintiff herein, and Lucille Porter were married. She died August 24, 1944, leaving surviving her husband and other heirs-at-law. After the death of Lucille Porter Kane, defendant claimed the whole of the title by right of survivorship. This action was started to have a resulting trust declared for the use of plaintiff as surviving husband and the other heirs-at-law of Lucille Porter Kane. The master found the issues of fact in favor of plaintiff and recommended a decree declaring a resulting trust and that defendant held the title as trustee. The decree appealed from overruled defendant's exceptions to the master's report, and decreed as recommended by the master.

Lucille Porter Kane and defendant were first cousins. She was taken into the home of defendant's mother at an

early age and resided with her aunt and her family, which included defendant, for a considerable part of the time thereafter. In 1934 she· opened a savings account in a Chicàgo bank in which she made frequent, but small, deposits. On June 14, 1943, the date of the deed, she had a credit in the account of approximately $1250. On that day she signed a written request directed to the officers of the bank, to issue a cashier's check for $1000 and charge the same to her savings account. The request directed that the check be made payable to Charles Gawl and Carrie· Gawl, the parties from whom the property was purchased. The check bears their endorsement. The purchase price of the lot was $3000. The remaining $2000 was financed by a loan secured by a mortgage on the property, which mortgage was signed by Lucille Porter and defendant.

Defendant's answer was drafted on the theory that he furnished one half of the $1000 and that he and his cousin purchased the property for their mutual benefit and advantage. There is no direct evidence of any such agreement, but to offset plaintiff's proof showing the payment of $1000 from the saving account of Lucille Porter Kane, defendant introduced the testimony of various persons who testified they had seen defendant at various times hand money to Lucille Porter Kane. The date of such payments is not fixed with any degree of definiteness. The period covered by the several witnesses, during which payments were supposed to have been made, extended from 1938 to 1943. The amounts paid cannot be ascertained from the evidence and, furthermore, there is no .evidence to trace any part of any money that might have been given by defendant to Lucille Porter Kane into her savings account. Nor does the evidence show that any money was paid with the understanding between the two that it was to be as a part of the purchase price of the property in question. There is evidence by some of defendant's witnesses to the effect that they heard conversations between

defendant and his cousin in which they were planning the use of their joint funds in starting a business enterprise. This would appear to refute any theory that any money paid by defendant to his cousin was for the purchase of the particular property.

There is the evidence of one witness which is different from the evidence of defendant's other witnesses. When defendant and his cousin were ready to close the transaction for the purchase of the property, they engaged the services of an attorney. After this action was started, defendant employed him to appear with other counsel in the defense of this action. During the hearing of plaintiff's evidence before the master, the attorney who advised in reference to the transaction appeared as chief counsel. When plaintiff rested, said attorney withdrew as an attorney and testified. He stated that defendant and Lucille Porter Kane came to his office early in June, 1943, in reference to the purchase of the lot in question. His evidence was that each had a roll of bills of approximately $500. He stated that he did not count the money but relied upon their statements as to the amount. He understood that the parties desired that such money be used to apply on the purchase price of the lot. His advice was that they purchase a cashier's check made payable to the purchasers. He does not testify that they acted on his advice but he seeks to convey the inference that the $1000 that was paid to the Gawls was the same money that the defendant and his cousin had when they first interviewed him. The dates he fixed on which the conversation occurred and the date of the deed do not coincide with the dates shown on the cashier's check and the deed. The evidence introduced by plaintiff on these matters so completely refutes the testimony of the attorney as to leave his evidence of little weight.

The master's summary of all the evidence offered on behalf of defendant is that it was inconsistent and con-

tradictory. We agree that such characterization finds support in the record. The master's findings of fact are amply supported by the evidence. The rule is that a master's conclusions of fact will not be given the weight of the verdict of a jury, yet they are entitled to credit and when approved by the chancellor they will not be disturbed on review unless manifestly against the weight of the evidence. *McKey* v. *McKean*, 384 Ill. 112; *Pasedach* v. *Auw*, 364 Ill. 491.

The language of the deed was sufficient to bring it within the provisions of section 1 of the statute on joint rights and obligations. (Ill. Rev. Stat. 1945, chap. 76, par. 1.) The language was sufficient to create a joint tenancy if all the elements of such an estate were present. (*Shipley* v. *Shipley*, 324 Ill. 560; *Stukis* v. *Stukis*, 316 Ill. 115.) Defendant contends a resulting trust cannot be declared in favor of one grantee against his cograntee where the property has been conveyed to the two in joint tenancy with a right of survivorship. The essential elements of a joint tenancy are that there shall be unity of interest, unity of title, unity of time and unity of possession. To meet these requirements the several tenants must have one and the same interest accruing by one and the same conveyance, commencing at the same time and held by one and the same undivided possession. (*Tindall* v. *Yeats*, 392 Ill. 502; *Duncan* v. *Suhy*, 378 Ill. 104; *Deslauriers* v. *Senesac*, 331 Ill. 437.) A joint tenancy is a present estate in all the joint tenants and each is seized of the whole. (*Partridge* v. *Berliner*, 325 Ill. 253.) The right of survivorship is a distinguishing feature of a joint tenancy. *Gaunt* v. *Stevens*, 241 Ill. 542.

A resulting trust does not depend on contract or agreement but is founded on a presumed intent which arises out of the acts of the parties. (*Lutyens* v. *Ahlrich*, 308 Ill. 11.) It arises the instant the legal title is taken, if it arises at all. The principles of equity which support the

establishment of a resulting trust have most frequent application in cases where one person pays the purchase money for property and the conveyance of the legal title is made to another. *Baughman* v. *Baughman,* 283 Ill. 55.

In this case we have the language of the deed, which is sufficient to show an expressed intent to convey the property to defendant and Lucille Porter Kane in joint tenancy, while, on the other hand, the evidence of the transaction and the payment of the $1000 show that Lucille Porter Kane was the only one that was beneficially interested in the property. As the master found, there is nothing in the evidence to show that the defendant contributed any part of the $1000. Under such facts, the expressed intent as shown by the deed must give way to the rule of equity which protects the party beneficially interested. The instant that the legal title was transferred to the two grantees, the resulting trust arose. Defendant held title as a trustee for the benefit of his cograntee and never became seized of a title with his cograntee which possessed all the essential elements of a joint tenancy. The unities of interest in the property were not the same. The fact that the deed purported to convey the property in joint tenancy, which would give the right of survivorship, would not prevent the application of the equitable principles which control the establishment of a resulting trust. The principles announced in *Mauricau* v. *Haugen,* 387 Ill. 186; *Partridge* v. *Berliner,* 325 Ill. 253, and *Cogley* v. *Cogley,* 338 Ill. 400, support the foregoing conclusion. A resulting trust which arises in favor of an ancestor at the time the property was purchased may be enforced by those who are beneficially interested in the estate as heirs-at-law. *Niland* v. *Kennedy,* 316 Ill. 253.

For the reasons assigned, the decree of the superior court is affirmed.

*Decree affirmed.*