(No. 31598.—

MARIE KOHLHAAS, Appellant, *vs.* JOSEPH A. SMITH, Appellee.

*Opinion filed March 22, 1951.*

536

STEPHEN M. FLEMING, and EUGENE R. WARD, both of Chicago, for appellant.

SCOTT, SAKELSON, TYRELL & COLLIAS, of Chicago, (JOSEPH T. TYRELL, of counsel,) for appellee.

* Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiff, Marie Kohlhaas, filed an amended complaint in the superior court of Cook County against the defendant, her brother, Joseph A. Smith, seeking to establish a resulting trust in a parcel of real estate, in Chicago. Defendant's motion to strike plaintiff's pleading was sustained, and the action dismissed for the want of equity. Plaintiff prosecutes this appeal, a freehold being necessarily involved.

Prior to, and on January 30, 1946, Edward Smith was the sole owner in fee simple of a parcel of real estate, improved with a one and one-half story frame building and basement, located at 2524 North Mont Clare Avenue, in Chicago. Smith and his wife, Catherine, purchased the

---

* This opinion was prepared by the late Mr. Justice Wilson and has been adopted and filed as the opinion of the court.

property on January 26, 1926, and, from 1926 until their respective deaths, occupied the premises as their home. They satisfied the mortgage indebtedness and paid all the expenses of maintenance and repairs, fire insurance and other premiums, general taxes and special assessments. Catherine Smith died on July 27, 1944. Subsequently, on November 16, 1944, Smith executed his will, bequeathing and devising all his property equally between his two children, Marie Kohlhaas and Joseph A. Smith, and caused the will to be recorded. On January 30, 1946, Smith conveyed the property to Nellie C. Meyer who, the next day, conveyed to Smith and his son, Joseph A. Smith, as joint tenants. Both deeds were caused to be recorded on February 5, 1946. Smith died on June 10, 1948, survived by his daughter and son, his only heirs-at-law. Title to the property thereupon vested in Joseph A. Smith, as surviving joint tenant.

By her amended complaint, plaintiff alleged that no part of the purchase price of the real estate was furnished or paid by defendant; that, subsequent to her mother's death and the transfer of title in 1946, as described, her father, Edward Smith, exercised complete dominion over the ownership of the premises; that he leased portions of the property to, and collected rents from, tenants, and acted generally as owner of the property; that, at no time, did defendant consider himself the owner of any part of the property other than as a trustee for the rightful owner, his father; that, prior to and after the execution of the deeds creating the joint tenancy, Edward Smith stated to plaintiff, her husband, and other relatives that he had caused the transfer of title to the property in joint tenancy as a matter of convenience and to avoid unnecessary future expense incident to its sale; that, although defendant knew he was only a trustee of the legal title for Edward Smith and his heirs-at-law, only after his father's death did he

begin to set up claims and attempt to exercise full owner-ship of the property, and that, prior to and since the death of their father, defendant has lived on the property, col-lected rents and assumed full ownership, not only of the real estate but of all personal property contained in the premises. The principal relief sought was a decree de-claring defendant a trustee of the property, including per-sonal property, for the heirs-at-law of Edward Smith, namely, plaintiff and defendant; an accounting by defend-ant of rents collected, and an order of partition.

Defendant's motion to strike the amended complaint and to dismiss the action averred that the complaint does not state a cause of action and that, in particular, it attempts to establish a trust based upon an alleged oral conversation, to create an interest in real estate by oral agreement or conversation in contravention of the Statute of Frauds, and to vary the terms of a written instrument by parol evi-dence. The motion to strike was sustained, as narrated, and the action dismissed.

Seeking a reversal, plaintiff contends that defendant merely holds title as trustee for her and himself for the reason that, although their father paid the entire considera-tion for the property, title was taken in the names of the father and defendant. She also urges that there was no unity of interest when the joint tenancy was created and that, in consequence, the surviving joint tenant holds title as trustee. To sustain the decree, defendant maintains that the transaction described in the complaint was not a pur-chase of real estate but, instead, a conveyance in joint ten-ancy of property which the father had long owned, and that he had the legal right to make a present gift of a one-half interest, together with the right of the son to become the owner of the entire title upon the father's death.

A resulting trust arises by operation of law from the acts of the parties and is not based upon contract. (*Houdek v. Ehrenberger*, 397 Ill. 62.) Where land is purchased

with the money of one person and title taken in the name of another, and the acts of the parties establish an actual or presumed intention to create a trust, the law raises a resulting trust in favor of the person whose money was used. (*Murray* v. *Behrendt*, 399 Ill. 22; *Kane* v. *Johnson*, 397 Ill. 112; *Houdek* v. *Ehrenberger*, 397 Ill. 62.) It arises, if at all, the instant the legal title is taken and the title vests. (*Murray* v. *Behrendt*, 399 Ill. 22; *Kane* v. *Johnson*, 397 Ill. 112; *Nickoloff* v. *Nickoloff*, 384 Ill. 377; *Spina* v. *Spina*, 372 Ill. 50; *Wiley* v. *Dunn*, 358 Ill. 97; *Falgowski* v. *Daniel*, 333 Ill. 208.) The burden of proof rests upon the party seeking to establish a resulting trust, and the evidence, to be effective for this purpose, must be clear, convincing, unequivocal and unmistakable, and must establish beyond a doubt the payment by the claimed beneficiary at the time the title was taken in the alleged trustee. (*Hille* v. *Barnes*, 399 Ill. 252; *Houdek* v. *Ehrenberger*, 397 Ill. 62; *Curielli* v. *Curielli*, 383 Ill. 102; *McCarthy* v. *McCarthy*, 289 Ill. 365.) If the evidence is doubtful or capable of reasonable explanation upon any theory other than the existence of a trust it is insufficient. (*Hille* v. *Barnes*, 399 Ill. 252; *Houdek* v. *Ehrenberger*, 397 Ill. 62; *Goelz* v. *Goelz*, 157 Ill. 33.) Resulting trusts are expressly excepted from the operation of the Statute of Frauds and may be proved by parol evidence. Ill. Rev. Stat. 1949, chap. 59, par. 9; *Murray* v. *Behrendt*, 399 Ill. 22; *Kochorimbus* v. *Maggos*, 323 Ill. 510; *Froemke* v. *Marks*, 259 Ill. 146.

To obtain a reversal, plaintiff places particular reliance upon *Kane* v. *Johnson*, 397 Ill. 112, holding that where a deed disclosed an intent to convey property to two persons in joint tenancy but the evidence disclosed that only one paid the purchase price and was beneficially interested, the expressed intent of the deed must yield to the rule of equity which protects the party beneficially interested, giving rise to a resulting trust the instant the legal title was trans-

ferred to the two grantees. In *Kane* v. *Johnson,* since there was no unity of title, one of the essential elements of a joint tenancy was lacking and, upon the death of the cotenant furnishing the money, the surviving cotenant did not take the entire title but held title as trustee for the benefit of the surviving husband and heirs-at-law of the other cotenant. Factual situations where one person pays the entire purchase price and the other takes title at the time of the purchase are neither parallel nor analogous. In the present case, the purchase of property is not involved for the adequate reason that Edward Smith bought the property in 1926 and had owned it for twenty years prior to placing the title in joint tenancy in himself and his son, Joseph. There is and can be no claim that a resulting trust arose in 1926 when the property was purchased. Thereafter, Edward Smith exercised control and dominion over the property, paid the mortgage indebtedness, taxes, insurance premiums, and maintained the property in an adequate state of repair. Plaintiff's amended complaint described a true joint tenancy where the essential unities of time, title, interest, and possession were all present and, upon the death of one of the joint tenants, Edward Smith, the title vested absolutely in his son, the defendant, as surviving joint tenant.

The complaint shows that Edward Smith favored his son over his daughter when he made the challenged conveyance. There is no charge of undue influence or the perpetration of fraud by defendant. Following his wife's death in 1944, Smith was the sole owner of the property and enjoyed the right to dispose of it in his lifetime as he so desired or by will upon his death in an unequal manner if he chose so to do. Plaintiff's allegations that defendant never considered himself the owner of any part of the property other than as a trustee for his father and that he "well knew" he was only a trustee of the legal title are statements of legal conclusions rather than allega-

tions of fact. Indeed, the amended complaint contains no allegation of any act or declaration by defendant even tending to indicate that he considered himself a trustee for his father. The fact that Edward Smith caused a will, dated November 16, 1944, to be recorded is immaterial. A concession that the will was valid and unrevoked at the time of Smith's death does not aid plaintiff. Her father enjoyed the right to make disposition of his property during his lifetime different from the devise made by his will. In short, proof of the execution and the recording of the will in 1944 does not tend to prove the creation of a resulting trust in 1946.

Plaintiff directs attention to the portion of her complaint alleging that, prior to and after the execution of the deeds creating the joint tenancy, her father stated to her and others he had caused the title to be transferred in this manner as a matter of convenience and to avoid unnecessary future expense in the sale of the real estate. Since a resulting trust arises, if at all, the moment the transfer of title is made, the grantor's expression of his wishes either before or after the transfer of title have no bearing upon the question of the creation of a resulting trust. Transfers in joint tenancy are generally made for purposes of convenience and to avoid unnecessary future expense. So far as the pleadings disclose, Edward Smith desired that his son should have the property upon his death to the exclusion of his daughter and, to accomplish this purpose, he placed the property in joint tenancy. Indeed, plaintiff's allegation with respect to her father's statements is entirely consistent with his intention, as expressed in the conveyance in joint tenancy.

The facts that the father occupied the premises, collected the rents, paid the taxes and made repairs do not overcome the presumpion of a gift to his son, Joseph. Such facts, although some evidence of the absence of an intention to make a gift, are neither sufficient to overcome the

presumption of a gift nor inconsistent with the theory of an advancement. *Houdek* v. *Ehrenberger,* 397 Ill. 62; *Hartley* v. *Hartley,* 279 Ill. 593.

Construing plaintiff's amended complaint most favorably to her, the allegations do not state a case of a resulting trust and afford no basis for a declaration that the surviving joint tenant, her brother, holds title to the property as a trustee. Simply stated, the situation presented is that of a father who, for more than twenty years, had owned an improved parcel of real estate, and, two years after his wife's death, placed title in joint tenancy with his son rather than with his daughter or with his son and his daughter. This, he undoubtedly had a right to do.

The decree of the superior court of Cook County is affirmed.

*Decree affirmed.*