(No. 32816.—

MARY PALUSZEK, Appellant, *vs.* ELIZABETH E. WOHLRAB, Appellee.

*Opinion filed November 18, 1953.*

364

John S. Kavanaugh, of Chicago, for appellant.

David Pottishmann, and Raymond A. Rempert, both of Chicago, for appellee.

Mr. Chief Justice Schaefer delivered the opinion of the court:

The plaintiff, Mary Paluszek, brought this action in the superior court of Cook County against her sister, Elizabeth E. Wohlrab, to establish a resulting trust in property which had been jointly purchased by the defendant and John Dumovic, who was the brother of the plaintiff and the defendant. The property in question, an improved parcel of real estate in Chicago, was purchased on July 30, 1948, for $12,000. Of the purchase price, Mrs. Wohlrab paid $6,318.50 and her brother paid $5681.50. The property was conveyed to the two grantees as joint tenants by a warranty deed which satisfied the requirements of section 1 of the statute concerning joint rights and obligations. (Ill. Rev. Stat. 1953, chap. 76, par. 1.) Defendant and her brother occupied the property as their home from September, 1948, until the brother's death on October 20, 1949. The defendant has since continued to live there. Dumovic

died intestate. He was survived by his two sisters, the defendant and the plaintiff, who are his only heirs-at-law.

There are no disputed issues of fact. The evidence established the joint purchase of the property by the defendant and her brother, their respective contributions to the purchase price, the conveyance to them "not in tenancy in common, but in joint tenancy," and occupancy of the property by them until the brother's death. Upon this evidence the master found that a true joint tenancy existed between defendant and her brother, and that upon the brother's death title to the property vested solely in the defendant. Exceptions to the report were overruled, and a decree was entered approving the master's report and dismissing plaintiff's amended complaint. Plaintiff appeals directly, a freehold being involved.

It is the plaintiff's contention that the defendant had an undivided 63,185/120,000, or 126,370/240,000, interest in the property, corresponding to her share of the purchase price, and that her brother had similarly an undivided 56,815/120,000. On this assumption it is argued that the defendant is entitled to the undivided interest of 126,370/240,000 which she holds in her own right, and an additional 56,815/240,000 representing one-half of her brother's interest, which she takes as an heir; and that plaintiff, as the other heir of Dumovic, also has an undivided 56,815/240,000 interest.

In order to reach this result, the plaintiff first argues that because the cotenants did not make equal contributions to the purchase price, there is lacking the unity of interest requisite to a joint tenancy. This argument is without foundation. The unity of interest required for the creation of a joint tenancy refers to equality among the cotenants only as to their interest in the estate. Thus a deed granting one tenant an estate for life and the other an estate for years cannot create a joint tenancy. Nor can one tenant be granted a one-fourth interest and the other a three-

fourths interest. So, also, when a joint tenancy has been established, each tenant is regarded as having an equal interest in the entire estate. (Tiffany, Real Property, sec. 418 (3d ed.).) In neither case does unity of interest relate to an equality in the contribution of purchase money.

Plaintiff next argues that despite the existence of a joint tenancy, there arose at its creation a resulting trust in the property in favor of each cotenant in the proportion which that part of the purchase price paid by him bears to the total purchase price. According to the plaintiff's theory, the doctrine of resulting trusts will always prevent the effective creation of a joint tenancy unless (1) the cotenants contributed equally to the purchase of the property, or (2) there is a relationship, such as husband and wife or parent and child, which gives rise to a presumption of gift from one cotenant to the other, or (3) there is extrinsic evidence of a gift.

The doctrine of resulting trusts has not heretofore been carried so far. The object of that doctrine is to enforce a presumed intention, (2 Bogert on Trusts, sec. 451,) arising from the acts of the parties. (*Partridge* v. *Berliner,* 325 Ill. 253; *Houdek* v. *Ehrenberger,* 397 Ill. 62; *Cook* v. *Blazis,* 365 Ill. 625.) A resulting trust arises, if at all, the instant the legal title vests. (*Tuntland* v. *Haugen,* 399 Ill. 595; *Murray* v. *Behrendt,* 399 Ill. 22; *Spina* v. *Spina,* 372 Ill. 50.) The burden of proof rests upon the party seeking to establish such trust, and the evidence, to be effective for this purpose, must be clear, convincing, unequivocal and unmistakable, and if doubtful or capable of reasonable explanation upon any theory other than the existence of the trust it is insufficient. *Kohlhaas* v. *Smith,* 408 Ill. 535; *Dean* v. *Dean,* 401 Ill. 406; *Hille* v. *Barnes,* 399 Ill. 252; *Houdek* v. *Ehrenberger,* 397 Ill. 62.

The typical case for a resulting trust occurs when land is purchased in whole or part with the money of one person and title is taken in the name of another. (*Murray* v.

*Behrendt,* 399 Ill. 22; *Clark* v. *Clark,* 398 Ill. 592; *Houdek* v. *Ehrenberger,* 397 Ill. 62; *Brod* v. *Brod,* 390 Ill. 312; *Roberts* v. *Opp,* 56 Ill. 34.) In the typical case the resulting trust rests upon the assumed probability that the payor did not intend to make a gift of the property even though he permitted title to be taken in the name of another. The present case presents a significantly different pattern. Title was taken in the name of both as joint tenants by a deed which expressly negatived a tenancy in common.

Plaintiff's argument is built upon *Kane* v. *Johnson,* 397 Ill. 112. There the title to real estate was taken in the names of two cousins as joint tenants. A year later, one of the joint tenants died and was survived by her husband and other heirs-at-law. The surviving joint tenant, who asserted that he had contributed one-half of the initial payment of $1000 toward the purchase of the property, claimed the entire property by right of survivorship. The husband of the deceased joint tenant brought an action to have a resulting trust declared for the use of himself and the other heirs-at-law of his wife. Upon the trial, the survivor failed to prove that he had made any contribution whatsoever to the purchase price. Under these circumstances, this court held that "the apparent and expressed intent evidenced by the deed must yield to the rule of equity which protects the party beneficially interested," and that a resulting trust arose the instant the legal title was transferred to the two grantees, in favor of the one who had furnished the consideration.

In *Kane* v. *Johnson,* the surviving joint tenant based his entire case upon the contention that he had furnished one-half of the consideration; he did not contend that he was the recipient of a gift of his interest. Since he paid nothing, and since no claim was made that he was a donee, the conclusion was reached that a resulting trust existed. (cf.: 42 Ill. Law Rev. 799, 802.) It does not follow that where, as here, the surviving grantee furnished a part of

the purchase price, the joint tenancy which was created is to be nullified by the imposition of a resulting trust. Efforts to expand the holding in *Kane* v. *Johnson* were rejected in *Peters* v. *Meyers,* 408 Ill. 253, and *Kohlhaas* v. *Smith,* 408 Ill. 535. The decision of this court in *Kane* v. *Johnson,* 397 Ill. 112, is limited to the factual situation presented and is not to be extended.

Plaintiff also relies upon *People* v. *Varel,* 351 Ill. 96. There, a mother had advanced about one third, and her daughter about two thirds, of the consideration for the acquisition of corporate stock which they owned as joint tenants with right of survivorship, and not as tenants in common. The mother died, and it became necessary to determine, for inheritance tax purposes, the interest which passed to the daughter. The applicable statute then provided that the transfer of property by survivorship to the surviving joint tenant should be taxed "as though the whole property to which such transfer relates was owned by said parties as tenants in common and had been bequeathed to the surviving joint tenant * * * by such deceased joint tenant * * * by will." Applying this statute, and therefore treating the property for taxing purposes as though it had been owned in tenancy in common, the court held that the mother's interest, by which the tax was measured, should be considered to be that portion of the stock for which the mother had paid.

Because the application of the statute produced a result so foreign to the law normally governing the rights of joint tenants, the court carefully pointed out the differences which resulted from regarding the property as held in tenancy in common rather than joint tenancy. After stating certain settled principles applicable to joint tenancies, the court continued: "We will add to the foregoing statements and propositions of law the following: On the death of Mrs. Johnson, appellant, as the survivor, became the absolute owner of the entire property held and owned by them

under such joint tenancy, and had the mother survived appellant she would also, under the law of joint tenancy, have become absolute owner of such property." (351 Ill. at 102.) "While it is true that unity of interest, which requires that shares of the joint tenants in the property held in joint tenancy be equal, is one of the essential characteristics of a joint tenancy, it does not follow that for the purpose of assessing the inheritance tax in this case the interest of the deceased to be taxed must be considered as one-half of the stock held by the two joint tenants. * * * It is also clear, under the law as settled by the authorities above cited, that if Mrs. Johnson [the mother] and appellant [the daughter] instead of having the stock placed in their names as joint tenants, had had the stock placed in their names as tenants in common, in equity they would each have been considered the owner of the stock contributed by them, respectively, to the property so held by them as tenants in common." 351 Ill. at 103.

The *Varel case* does not strengthen plaintiff's position. On the contrary, it clearly supports the defendant's argument. In that case as in this, two persons whose relationship "is not such that a gift from one to the other is presumed to be intended," (351 Ill. at 100) contributed unequal amounts to the purchase of property to which they took title as joint tenants. And the court carefully pointed out that the doctrine of equitable ownership *pro tanto,* which would have applied to tenants in common, had no application to joint tenants whose rights were governed by survivorship.

The present situation also differs from those in which two or more persons each furnish part of the consideration and cause the real estate to be purchased in the name of one only. Upon such facts a resulting trust does arise *pro tanto* in favor of the party or parties furnishing part of the consideration. Other cases relied upon by plaintiff, (*Clark* v. *Clark,* 398 Ill. 592; *Frasier* v. *Finlay,* 375 Ill.

78, 81; *Harris* v. *McIntyre*, 118 Ill. 275, 287,) involve situations of that type, and are not pertinent here.

In the present case, defendant and her brother purchased property in joint tenancy which they occupied as their home. The deed itself, which conforms to the statute, shows their intention to create a joint tenancy with the right of survivorship. Both joint tenants contributed to the purchase price. So far as appears, they deliberately created an estate in joint tenancy with the right of survivorship. We see no reason for frustrating that purpose.

The decree of the superior court of Cook County is right, and it is affirmed.

*Decree affirmed.*