(No. 37769.—

CARL FENDER, Appellant, *vs.* CLARA YAGEMANN *et al.,* Appellees.

*Opinion filed Sept. 27, 1963.—Rehearing denied Nov. 25, 1963.*

SAMUEL J. STEPHENS, and GOLDSMITH & DYER, of Aurora, (CALVIN B. THELIN, of counsel,) for appellant.

BEAMISH & BRUNNEMEYER, of Aurora, for appellees.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Appellant, Carl Fender, as assignee of the contract purchaser, instituted suit for specific performance of a contract for warranty deed against the heirs and devisees of Ferdinand and Anna Yagemann, the original contract sellers. Thereafter, by leave of court, the executors and a specific devisee under the will of Agnes Mathieu, the original contract buyer, filed a cross complaint against the appellant and the defendant Yagemann heirs asking that title to the real estate be quieted in the specific devisee. After a hearing on the merits, the circuit court of Kane County entered a decree vesting and quieting title in Clara Riley, the specific devisee, and directing the master in chancery to execute and deliver to Clara Riley a deed to the premises. From this decree Fender appeals. There was no appearance and no appeal is taken by the Yagemann heirs. Since a freehold is involved we have jurisdiction.

The following facts appear to be undisputed. On or about March 31, 1926, Ferdinand and Anna Yagemann, husband and wife, entered into an agreement for warranty deed with Agnes Mathieu whereby the Yagemanns sold a combined residence and store property at 802 Claim Street in the city of Aurora for $4500, payable $1000 down, $500 on June 1, 1926, and the balance of $3000 payable $150 on October 1 and April 1 in each year until the whole amount with 6% annual interest has been fully paid. The agreement provided for the premises to be conveyed by warranty deed upon payment of the full purchase price and interest. By assignment dated September 25, 1933, and acknowledged September 26, 1933, Agnes Mathieu "in the consideration of the sum of $10 and other good and valuable consideration" transferred to her brother "Carl Fender, his heirs, administrators, executors and assigns all my right,

title and interest of whatsoever kind, character and nature in and to" the agreement for warranty deed. This assignment appeared on Mrs. Mathieu's executed copy of the original agreement, and that copy with the assignment shown thereon was recorded in Kane County on September 26, 1933, and mailed by the recorder to attorney W. F. Fowler, now deceased, who acted as the notary public in taking Mrs. Mathieu's acknowledgment. Mrs. Mathieu's copy of the agreement has endorsed on the reverse side the $500 payment made on June 1, 1926, and twenty $150 payments, plus interest, paid on or about October 1 and April 1 of each year thereafter. Following the endorsement of the April 1, 1936, final payment appears this notation:

"Paid in full  Will give Deed and abstract as soon as complete. /S/ Anna Yagemann by E. A. Yagemann  April 1, 1936"

All payments upon the contract were made by Agnes Mathieu or someone on her behalf. It was stipulated that the real estate taxes for the years 1935 through 1941 were paid by Carl Fender; taxes for 1931-34 and 1942-49 were paid by Agnes, who lived in the property from the time the contract was entered into until 1958, approximately a year before her death, when, because of her illness she moved into the home of her sister and brother-in-law, Clara and Leo Riley. Thereafter the Claim Street property was substantially improved, all arrangements for the repairs and improvements being made by the Rileys, and paid for by checks signed by Agnes Mathieu. In October, 1959, Agnes Mathieu executed a will specifically devising this property to Clara Riley, and naming Clara and her husband as co-executors; Agnes died the following December 21.

A former neighbor testified that in 1956 she talked to Agnes Mathieu regarding the possibility of her participation in a boundary dispute involving the Claim Street property, and that Agnes then said that "she couldn't help us. She had turned the property over to her brother, Carl

Fender. It was not hers to fight with." Mrs. Fender, appellant's wife, testified he made repairs and improvements on the property, and helped with the basement and yard work.

Appellant, in seeking reversal of the decree, contends principally that the appellees have failed to establish a resulting trust in favor of Mrs. Mathieu and her devisee, Mrs. Riley, in that the findings of the court are against the manifest weight of the evidence, and that appellees failed to show by clear and convincing evidence that Mrs. Mathieu intended to create a resulting trust for her own benefit.

It is apparent that the claim of a resulting trust here is based upon the fact that Mrs. Mathieu paid the entire purchase price and continued in physical possession of the premises from the date of the assignment in 1933 until about a year before her death and that in the last year of her life she continued to receive the rent from the premises and made substantial improvements thereon. No explanation appears from the evidence why the assignment was made to her brother, Carl Fender. As we said in *First Nat. Bank and Trust Co.* v. *Illinois Nat. Bank and Trust Co.* 19 Ill.2d 385, 388: "A resulting trust is based upon the presumed intention of the parties distilled from their conduct; it comes into being at the instant the title vests, or not at all. (*Hanley* v. *Hanley,* 14 Ill.2d 566; *Tuntland* v. *Haugen,* 399 Ill. 595.) 'The burden of proof rests upon the parties seeking to establish such trust, and the evidence, to be effective for this purpose, must be clear, convincing, unequivocal and unmistakable, and if doubtful or capable of reasonable explanation upon any theory other than the existence of the trust it is insufficient. *Kohlhaas* v. *Smith,* 408 Ill. 535; *Dean* v. *Dean,* 401 Ill. 406; *Hille* v. *Barnes,* 399 Ill. 252; *Houdek* v. *Ehrenberger,* 397 Ill. 62.' *Paluszek* v. *Wohlrab,* 1 Ill.2d 363, 366." Here Agnes Mathieu assigned all her right, title and interest in the Yagemann

contract to her brother, Carl Fender, and on the date that she acknowledged the assignment the contract with the assignment endorsed thereon was filed for record. Nothing appears in the evidence to indicate any intention on the part of Mrs. Mathieu that the assignment was to be other than absolute or to indicate that she intended to retain any beneficial interest. There was undisputed testimony in the record that Fender did undertake repairs and improvements to the premises; it was stipulated that he paid the taxes for 7 years immediately following the assignment, and, further, that as recently as the Spring of 1956 Mrs. Mathieu told a neighbor that she had turned the property over to her brother, Carl Fender, and that the property was not hers to fight with. The bulk of the testimony introduced by the appellees related to repairs made to the premises in the Summer and Fall of 1959 after Mrs. Mathieu had moved in with Clara Riley, and these repairs were ordered either by Clara Riley or by her husband. While the bills were paid by checks signed by Agnes Mathieu, none of the contractors who did the work saw her or had any contact with her. The remainder of the testimony principally concerned the identification of various Yagemann signatures evidencing the receipt of payments on the copy of the contract in the possession of Mrs. Mathieu and found among her papers with the abstract of title at the time of her death.

It is our opinion that the proof offered by the appellees in this case does not meet the required standard to establish a resulting trust in favor of Mrs. Mathieu during her lifetime or in favor of her devisee after her death. We cannot presume that Agnes Mathieu intended the assignment to Fender, absolute on its face and unequivocal in its terms, to be in trust for her benefit in the absence of proof to that effect more clear and convincing than that here offered. Her continuing to live in the premises, her payment of the balance of the purchase price, and the taxes subsequent to 1942 have no bearing on the question of whether or not a

resulting trust was raised on September 26, 1933. The self-serving statement of Mrs. Mathieu in her will is not sufficient to meet the required burden of proof. (*First Nat. Bank and Trust Co.* v. *Illinois Nat. Bank and Trust Co.* 19 Ill.2d 385, 392, 393.) Appellees in their brief inject the theory of a constructive trust and an additional theory of adverse possession by Mrs. Mathieu. There is no charge of fraud or overreaching and not a scintilla of evidence of either on the part of the appellant, Fender, and in the absence of a showing of a fiduciary relationship between Fender and Mrs. Mathieu and fraud in its breach, there can be no constructive trust. (*Neagle* v. *McMullen,* 334 Ill. 168, 175.) The question of adverse possession was raised in the trial court only on what was called "Motion for Summary Judgment" by appellees at the conclusion of the evidence, which motion was denied by the court and no cross appeal has been taken therefrom by appellees. We therefore will not consider it.

Since the record does not support the asserted resulting trust, the decree must be reversed and the cause remanded with directions to enter a decree in accordance with the prayer of the complaint.

*Reversed and remanded, with directions.*