998 F.2d 1016
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jean C. ROSENBAUM, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 92-4084.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 7, 1993.*
Decided July 28, 1993.
Rehearing and Suggestion for Rehearing in Banc
Denied Sept. 3, 1993.
 
 Before CUMMINGS, COFFEY, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Jean Rosenbaum (Jean) appeals from a Tax Court decision holding that she underpaid her taxes in 1986 and 1987. At the time Jean and her husband, Kurt, were joint tenants in shares of Keystone Custodian Funds. These shares earned dividends of $14,413.65 in 1986 and $10,887.62 in 1987. Keystone reported this income to Kurt on Forms 1099 because his social security number was the only one listed on the stock. Because Kurt and Jean were separated, Kurt directed his accountant to send Jean Forms 1099 and copies of the Keystone statements along with a suggestion that she report fifty percent of the income as her own. She did not do so.
 
 
 2
 Petitioner contends that she was not required to pay tax on her half of the income from the Keystone stock because that income was paid to Kurt, and he had no authority to ask her to pay tax on half of it. This argument lacks merit. As a joint tenant Jean had an equal right to the income from the Keystone shares. People v. Varel, 351 Ill. 96, 101, 184 N.E. 209, 211 (Ill.1932). Though the income here was reinvested in more Keystone shares rather than distributed to her, she was still responsible for the tax under the doctrine of constructive receipt.
 
 
 3
 Income although not actually reduced to a taxpayer's possession is constructively received by him in the taxable year during which it is credited to his account, set apart for him, or otherwise made available, so that he may draw upon it at any time, or so that he could have drawn upon it during the taxable year if notice of intention to withdraw had been given. However, income is not constructively received if the taxpayer's control of its receipt is subject to substantial limitations or restrictions.
 
 
 4
 26 C.F.R. § 1.451-2(a). The only "restriction" on Jean's access to the income was that her husband oversaw the account. That, however, was a matter of personal choice, which is not enough to protect the income from taxation. Bright v. United States, 926 F.2d 383, 386-87 (5th Cir.1991).
 
 
 5
 Jean also failed to report $92.07 of interest income from her savings account at the American National Bank and Trust Company of Chicago in 1987. She maintains that she was not in constructive receipt of this income because the account was "frozen" by a divorce court's order. Her reliance on the "frozen assets" provision of 26 U.S.C. § 451(g), however, is misplaced. That provision applies only in certain circumstances involving a bank or financial institution's bankruptcy or insolvency.[1] It does not apply to a state divorce court's order, and since she did not present evidence regarding the actual effect of the order on her account she has not met her burden of proof on this issue. Helvering v. Taylor, 293 U.S. 505 (1935); Lerch v. Commissioner, 877 F.2d 624, 631 (7th Cir.1989).
 
 
 6
 Jean next contends that she was not subject to a five-percent negligence penalty under 26 U.S.C. § 6653(a). Yet she was clearly aware of all of the income she failed to report--she received Forms 1099 from her husband's accountant and from the bank--and still failed to report it. And even though she may have believed her actions were legal, she can still be penalized for negligence when there was no reasonable basis for that belief. Goulding v. United States, 957 F.2d 1420, 1430 (7th Cir.1992). The law in this area is clear--the regulation plainly states that income is constructively received when credited to one's account and not subject to substantial restrictions, 26 C.F.R. § 1.451-2(a)--and petitioner's behavior in not discovering that she was liable for the tax on the stock income may certainly be characterized as negligent. See Accardo v. Commissioner, 942 F.2d 444, 452 (7th Cir.1991) (petitioner liable for income where governing tax law was clear), cert. denied, 112 S.Ct. 1266 (1992).
 
 
 7
 Finally, Jean suggests that she is entitled to an abatement of interest on the overdue tax. The pertinent statute, however, only allows the Commissioner to abate interest; it does not require it. 26 U.S.C. § 6404(e). Further, she has failed to take the necessary first step of filing a Form 483 seeking abatement, so this claim must fail. 26 C.F.R. § 301.6404-1.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Petitioner has submitted such a statement. Having reviewed that statement, the court has concluded that oral argument would not be helpful, and the appeal has been submitted on the briefs and record
 
 
 [1]
 The statute provides as follows:
 (g) Treatment of interest on frozen deposits in certain financial institutions.--
 * * *
 (4) Frozen deposit.--For purposes of this subsection, the term "frozen deposit" means any deposit if, as of the close of the calendar year, any portion of such deposit may not be withdrawn because of--
 (A) the bankruptcy of insolvency of the qualified financial institution (or threat thereof), or--
 (B) any requirement imposed by the States in which such institution is located by reason of the bankruptcy or insolvency (or threat thereof) of 1 or more financial institutions in the State.